UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ED HENRY LOYDE,            )
                           )
        Plaintiff          )
                           )   No. 3:13-1223
v.                         )   Judge Trauger/Bryant
                           )
DAVID REICHERT, Director of)
Middle Tennessee Mental Health )
Institute, *et al.*,       )
                           )
        Defendants         )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Defendant David Reichert (spelled "Ryker" in the complaint) has filed his motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Docket Entry No. 23). Plaintiff Loyde, a prisoner proceeding *pro se* and *in forma pauperis*, has failed to respond in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Reichert's motion to dismiss be GRANTED.

### STATEMENT OF THE CASE

Plaintiff Loyde has filed his civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants were willfully indifferent to a known risk of serious injury to him when they failed to protect him from assault by a fellow prisoner. Loyde has named as Defendant Middle Tennessee Mental Health Institute

("MTMHI"), Defendant Reichert, who is identified as Director of MTMHI, and two techs, Charles and Fisher.

Defendant Reichert has filed his motion to dismiss.

## SUMMARY OF FACTS FROM THE COMPLAINT

Plaintiff Loyde alleges that on March 18, 2013, he was transferred from the Shelby County Jail to MTMHI in Nashville for a court-ordered mental evaluation. On March 30, 2013, while at MTMHI, Loyde was verbally threatened with physical violence by a fellow prisoner, Thomas Johnson. Loyde alleges that he informed two techs, Defendants Charles and Fisher, of Johnson's threat of violence toward Loyde. Loyde claims that immediately thereafter Johnson assaulted him by knocking him to the floor, jumping on top of him, and biting his hand repeatedly, breaking the skin and causing his hand to bleed. Techs intervened, broke up the assault, and removed Johnson from the area. Loyde claims that he was later informed that Johnson suffered from "full-blown AIDS," and that Loyde would be required to "take a lot of pills" in order to reduce the chance that he would be infected with AIDS as a result of this assault. Loyde alleges that the staff at MTMHI did nothing to protect him from physical assault by Johnson despite being informed beforehand that Johnson had threatened him with physical violence.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must

view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id.* Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so

3

would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**ANALYSIS**

A district court cannot grant a motion to dismiss pursuant to Rule 12(b)(6) in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Plaintiff Loyde fails to specify whether he is suing Defendant Reichert in his official capacity, his individual capacity, or both. Nevertheless, Defendant Reichert argues in his motion that the complaint fails to state a claim upon which relief can be granted against him in either his official or individual capacity.

**Official Capacity Claim.** Defendant Reichert is not mentioned by name in the factual portion of the complaint, § IV, "Statement Of Claims" (Docket Entry No. 1 at 2-6). Defendant

4

Reichert is named in the "parties" section of the complaint, and is identified as Director of MTMHI (Docket Entry No. 1 at 2).

Defendant Reichert argues that the complaint fails to state an official capacity claim against him. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity for whom he works. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Here, Defendant Reichert is employed by the State of Tennessee.

Under the Eleventh Amendment, the State of Tennessee, its agencies, and its officers, when sued in their official capacity, are immune from suit. Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979). For this reason, the undersigned Magistrate Judge finds that Defendant Reichert, when sued in his official capacity, is immune from suit under the Eleventh Amendment. Moreover, neither a state nor its officials acting in their official capacity are "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). For this additional reason, the undersigned finds that the complaint fails to state a claim against Defendant Reichert in his official capacity.

**Individual Capacity Claim**. As mentioned above, there is no mention of Defendant Reichert by name in the factual portion of Plaintiff Loyde's complaint. He is named in the "parties" section,

and is there identified as Director of MTMHI. Therefore, it can be reasonably presumed that Plaintiff Loyde seeks to hold Defendant Reichert liable for the wrongful acts of MTMHI employees, specifically those of techs Charles and Fisher. However, supervisors cannot be held liable under § 1983 solely on the basis of *respondeat superior*, that is, solely for being in a supervisory position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-94 (1978). In order to hold a supervisor liable under § 1983, a plaintiff must allege and prove that the supervisory official was personally involved in some manner in the alleged unconstitutional activity set out in the complaint. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, individual liability under § 1983 must be based upon active unconstitutional behavior and cannot be based upon a mere failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Finally, conclusory allegations are not to be taken as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is insufficient if it contains "naked assertions devoid of further factual enhancement." (*Id*. at 678) (citation omitted).

In the absence of any specific unconstitutional conduct alleged by name against Defendant Reichert, the undersigned Magistrate Judge finds that under the pleading standards announced

in *Iqbal*, the complaint fails to state a plausible claim against Defendant Reichert upon which relief can be granted.

For the foregoing reasons, the undersigned Magistrate Judge finds that Defendant Reichert's motion to dismiss should be GRANTED, and the complaint against him DISMISSED.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant David Reichert's motion to dismiss be GRANTED for failure to state a claim upon which relief can be granted, and that the complaint against him be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 26th day of August, 2014.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge